**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

---

Appeal No. 26-2443

---

IN RE: VILLAGE ROADSHOW ENTERTAINMENT GROUP USA, INC., ET AL.,

*Debtors*.

---

JOHN T. PAUTSCH,

*Appellant,*

v.

VILLAGE ROADSHOW ENTERTAINMENT GROUP USA, INC., ET AL.,

*Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE (CASE NO. 1:26-cv-00124)

---

# ANSWERING BRIEF OF APPELLEES
**Village Roadshow Entertainment Group USA, Inc., et al.**

---

Joseph M. Mulvihill
Brynna M. Gaffney
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600

*Counsel for Appellees Village Roadshow Entertainment Group USA, Inc., et al.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and Third Circuit L.A.R 26.1, Appellees make the following disclosure:

The debtors and debtors in possession in the above-captioned chapter 11 cases are: Village Roadshow Entertainment Group USA Inc.; Crescent Film Holdings Limited; Village Roadshow Distribution (BVI) Limited; Village Roadshow Distribution Pty Ltd; Village Roadshow Distribution UK Limited; Village Roadshow Distribution USA Inc.; Village Roadshow Entertainment Group (BVI) Limited; Village Roadshow Entertainment Group Asia Limited; Village Roadshow Film Administration Management Pty Ltd; Village Roadshow Films (BVI) Limited; Village Roadshow Films Global Inc.; Village Roadshow Films North America Inc.; Village Roadshow Holdings USA Inc.; Village Roadshow Pictures Entertainment Inc.; Village Roadshow Pictures North America Inc.; Village Roadshow Productions (BVI) Ltd; Village Roadshow Productions Inc.; Village Roadshow VS Films LLC; VR DTE Distribution USA Inc.; VR DTE Productions Limited; VR Films Holdings (BVI) Limited; VR Funding LLC; VR Zoo Distribution USA Inc.; VR Zoo Productions Ltd; VREG Films Ltd; VREG Funding LLC; VREG IP Global LLC; VREG J2 Global LLC; VREG MM2 IP Global LLC; VREG OP Global LLC; VREG Production Services Inc.; VREG Television Inc.; VREG Wonka IP Global LLC; and

VREG WW IP Global LLC (collectively, the "Company," "Village," or the "Debtors").

Each of the Debtors, other than Village Roadshow Entertainment Group (BVI) Limited, is 100% owned, either directly or indirectly, by Village Roadshow Entertainment Group (BVI) Limited.

Debtor Village Roadshow Entertainment Group (BVI) Limited is owned in part by several corporate entities. Vine Media Opportunities – Fund III-A, LP owns approximately 47.07% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited. 1397225 Ontario Limited owns approximately 15.2% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited. Vine Media Opportunities – Fund III, LP owns approximately 13.49% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited. Falcon Strategies Partners IV, LP owns approximately 12.83% of the outstanding shares of Village Roadshow Entertainment Group (BVI) Limited.

Certain of the Debtors are limited liability companies whose sole members are also Debtors in these chapter 11 cases. Debtor Village Roadshow Entertainment Group (BVI) Limited owns 100% of Debtor Village Roadshow Entertainment Group USA Inc., which owns 100% of Debtor Village Roadshow Holdings USA Inc. Debtor Village Roadshow Holdings USA Inc. is the sole member of Debtors VREG Funding LLC and VR Funding LLC. Debtor VR Funding LLC is the sole member

of Village Roadshow VS Films LLC. Debtor Village Roadshow Holdings USA Inc. is also the sole owner of Debtor Village Pictures Entertainment Inc, which is the sole member of VREG WW IP Global LLC, VREG MM2 IP Global LLC, VREG J2 Global LLC, VREG OP Global LLC, and VREG IP Global LLC. VREG WW IP Global LLC is the sole member of VREG Wonka IP Global LLC.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

I. STATEMENT OF THE ISSUES ..... 1

II. STATEMENT OF THE CASE AND RELATED PROCEEDINGS ..... 1

A. The Bankruptcy Cases and Deadlines to File Proofs of Claim ..... 1

B. The GOAT Media Claims and Bankruptcy Court's Disallowance ..... 3

C. All Relevant Filings in the Bankruptcy Court Were Made by GOAT Media. ..... 5

D. The District Court Appeal ..... 7

III. SUMMARY OF ARGUMENT ..... 9

IV. STANDARD OF REVIEW ..... 9

V. ARGUMENT ..... 12

A. The District Court Correctly Applied Rule 17 in Denying the Motion to Substitute. ..... 12

B. The District Court Correctly Dismissed the Appeal for Failure to Obtain Counsel. ..... 18

VI. CONCLUSION ..... 20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acumed LLC v. Advanced Surgical Servs., Inc.*,
561 F.3d 199 (3d Cir. 2009) ....................17

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997) ....................10, 13

*In re Amatex Corp.*,
755 F.2d 1034 (3d Cir. 1985) ....................15

*In re Citadel Watford City Disposal Partners, L.P.*,
603 B.R. 897 (Bankr. D. Del. 2019)....................13

*United States v. Hagerman*,
545 F.3d 579 (7th Cir. 2008) ....................19

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*,
790 F.3d 411 (2d Cir. 2015) ....................10, 16

*D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*,
366 F.3d 972 (9th Cir. 2004) ....................20

*Dougherty v. Snyder*,
469 F. App'x 71 (3d Cir. 2012) ....................19

*Fassett v. Delta Kappa Epsilon (N.Y.)*,
807 F.2d 1150 (3d Cir.1986) ....................17

*Gardner v. State Farm Fire & Cas. Co.*,
544 F.3d 553 (3d Cir. 2008) ....................10, 13, 17

*In re Glob. Indus. Techs., Inc.*,
645 F.3d 201 (3d Cir. 2011) ....................14

*ICON Grp., Inc. v. Mahogany Run Dev. Corp.*,
829 F.2d 473 (3d Cir. 1987) ....................12

*In re Ideal Mortg. Bankers, Ltd.*,
539 B.R. 409 (Bankr. E.D.N.Y. 2015) ....................10

*Jaconski v. Avisun*,
359 F.2d 931 (3d Cir. 1966) ....................17

*In re James Wilson Assocs.*,
965 F.2d 160 (7th Cir. 1992) ....................15

*Jones v. Niagara Frontier Transp. Auth*,
722 F.2d 20 (2d Cir. 1983) ....................10, 15

*Lattanzio v. COMTA*,
481 F.3d 137 (2d Cir. 2007) ....................19

*Marks L. Offs., LLC v. Mireskandari*,
704 F. App'x 171 (3d Cir. 2017)....................12

*Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*,
392 F. Supp. 16 (S.D.N.Y. 1974), *aff'd mem.*, 508 F.2d 837 (2d Cir. 1974) ....................15

*Osborn v. President of Bank of U.S.*,
9 Wheat. 738, 6 L.Ed. 204 (1824) ....................18

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*,
506 U.S. 194 (1993)....................18

*Scott v. Vantage Corp.*,
336 F. Supp. 3d 366 (D. Del. 2018)....................17

*Simbraw, Inc. v. United States*,
367 F.2d 373 (3d Cir. 1966) ....................19

*Turner v. A.B.A.*,
407 F. Supp. 451 (N.D. Tex. 1975), *aff'd order sub nom.*, *Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976)....................18

**STATUTES**

11 U.S.C. § 502(b) ....................3

11 U.S.C. § 1109(b) ....................14

**RULES**

3d Cir. L.A.R. 28.3(d),....................22

3d Cir. L.A.R. 31.1(c), ....................22

B. R. 3003 ....................3

B. R. 3007 ....................3

D. Del. L.R. 83.5 ....................19

Del. Bankr. L.R. 3007-1 ....................3

Del. Bankr. L.R. 9010-1(e)(3) ....................4, 20

Fed. R. Bankr. P. 2004 ....................5

Fed. R. Civ. P. 17 ....................*passim*

Fed. R. App. P. 26.1 ....................i

Fed. R. App. P. 32(a)(5) and (6) ....................22

Fed. R. App. P. 32(a)(7)(B) ....................22

Fed. R. App. P. 32(f) ....................22

# I. STATEMENT OF THE ISSUES

1. Whether the District Court correctly held that GOAT Media was the "real party in interest" in denying the Motion to Substitute. Appx. 3, 9; D.D.I. 13 & 14.

2. Whether the District Court correctly dismissed the appeal for GOAT Media's failure to obtain counsel. Appx. 3, 9; D.D.I. 13 & 14.

# II. STATEMENT OF THE CASE AND RELATED PROCEEDINGS

## A. The Bankruptcy Cases and Deadlines to File Proofs of Claim

On March 17, 2025 (the "Petition Date"), Village Roadshow Entertainment Group USA, Inc. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On June 13, 2025, the Bankruptcy Court entered an order [Bankr. D.I. 514] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"). Supp. Appx. 1–31; Bankr. D.I. 514. The Bar Date Order established the following bar dates for filing Proofs of Claim in the chapter 11 cases: (i) July 18, 2025 at 5:00 p.m. (prevailing Eastern Time), for all requests for all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date (the "General Bar

Date"); and (ii) September 15, 2025 at 5:00 p.m. (prevailing Eastern Time), for all requests for claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date held by governmental units (the "Governmental Bar Date"). Supp. Appx. 1–31; Bankr. D.I. 514.

On April 17, 2026, the Bankruptcy Court entered an order [Bankr. D.I. 1565] (the "Plan Confirmation Order") confirming the Debtors' Joint Plan of Liquidation. Supp. Appx. 32–148; Bankr. D.I. 1565. On May 1, 2026, the Effective Date of the Plan occurred [*see* Bankr. D.I. 1620] (the "Notice of Effective Date"). Supp. Appx. 149–52; Bankr. D.I. 1620.

The Notice of Effective Date provided that the Plan Confirmation Order established the following additional bar dates for filing Proofs of Claim in the chapter 11 cases: (i) June 1, 2026 (the "Administrative Claims Bar Date"), for filing requests for payment of administrative claims that arose after the Petition Date; (ii) June 1, 2026 (the "Rejection Damages Bar Date"), for filing requests for payment of claims arising from the rejection of an executory contract or unexpired lease pursuant to the Plan Confirmation Order; and (iii) June 15, 2026 (the "Professional Fee Claims Bar Date" and together with the General Bar Date, Governmental Bar Date, Administrative Claims Bar Date, and Rejection Damages Bar Date, the "Bar Dates"), for filing requests for payment of professional fees for services rendered and reimbursement of expenses incurred prior to the Effective

Date. Supp. Appx. 150; Bankr. D.I. 1620. As of the filing of this Answering Brief, all Bar Dates in the Bankruptcy Cases have passed.

## B. The GOAT Media Claims and Bankruptcy Court's Disallowance

On July 14, 2025, and July 15, 2025, respectively, THE G.O.A.T. MEDIA, LLC ("GOAT Media") filed Proofs of Claim assigned numbers 16 and 17 in the Bankruptcy Cases (the "GOAT Media Claims"), which asserted unsecured, unliquidated claims with no reference to any specific dollar amounts. Each of the GOAT Media Claims was signed by John T. Pautsch ("Mr. Pautsch" or "Appellant"), as "Principal" of GOAT Media. Appx. 14–23. Mr. Pautsch did not sign the GOAT Media Claims in his individual capacity or assert any personal interest in the underlying claims. In addition, Mr. Pautsch did not file any proofs of claim in the Bankruptcy Cases asserting claims against the Debtors in his individual capacity.

After reviewing the GOAT Media Claims, the supporting materials attached thereto, and the Debtors' books and records, the Debtors found no evidence of any amounts owing to GOAT Media or any agreement, contract, or other business relationship with GOAT Media more broadly. Accordingly, on December 19, 2025, the Debtors filed the *Debtors' First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Bankr. D.I. 1167] (the "Claims Objection"), which

objected to the GOAT Media Claims on the basis that the Debtors do not have any liability for the GOAT Media Claims. Appx. 36; Bankr. D.I. 1167.

In response to the Claims Objection, GOAT Media filed the *Pro Se Response to Debtors' First Omnibus (Substantive) Objection to Claim*. Appx. 59; Bankr. D.I. 1243. On January 20, 2026, GOAT Media also filed a *Notice of Reservation of Rights* [Bankr. D.I. 1261], which purported to reserve GOAT Media's rights with respect to unspecified "sealed proceedings concerning authority, governance, or standing." Supp. Appx. 153; Bankr. D.I. 1261. Both filings were signed by Mr. Pautsch in his capacity as an authorized representative of GOAT Media.

On January 30, 2026, the Bankruptcy Court held a hearing on the Claims Objection with respect to the GOAT Media Claims (the "Claims Objection Hearing"). Mr. Pautsch was permitted to proceed *pro se* on behalf of GOAT Media at the Claims Objection Hearing under Local Bankruptcy Rule 9010-1(e)(3), which allows artificial entities to proceed *pro se* in the limited context of a claim objection. However, the Bankruptcy Court advised Mr. Pautsch of the "typical rule . . . that business entities . . . cannot appear *pro se*," and that notwithstanding the limited exception under Local Rule 9010-1(e)(3) related to the filing and prosecution of claims, the Bankruptcy Court "[did not] think [it was] wise to proceed *pro se*." Appx. 79–80; Jan. 30 Hr'g Tr., at 12:24–13:7.

At the Claims Objection Hearing, the Bankruptcy Court sustained the Claims Objection with respect to the GOAT Media Claims. In disallowing the GOAT Media Claims, the Court stated, "I have very carefully reviewed the documents, I've been unable to identify any legal basis upon which I can find that Village Roadshow is liable for any debt." Appx. 86; Jan. 30 Hr'g Tr., at 19:20–23. The Bankruptcy Court subsequently entered an order [Bankr. D.I. 1326] (the "Claims Disallowance Order") disallowing the GOAT Media Claims in their entirety. Appx. 91–94; Bankr. D.I. 1326.

## C. All Relevant Filings in the Bankruptcy Court Were Made by GOAT Media.

On February 2, 2026, GOAT Media—not Mr. Pautsch—filed the *Motion of The G.O.A.T. Media, LLC for Examination and Limited Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* [Bankr. D.I. 1337] (the "Rule 2004 Motion"). Supp. Appx. 154–57; Bankr. D.I. 1337. On March 12, 2026, the Bankruptcy Court held a hearing on GOAT Media's Rule 2004 Motion. The Bankruptcy Court denied the Rule 2004 Motion on the ground that GOAT Media was not represented by counsel, observing that the principle requiring a corporation to appear through an attorney "ha[s] an unbroken line of authority going back over 800 years that this Court is not going to depart from today." Supp. Appx. 166; Mar. 12 Hr'g Tr., at 8:7–9. The Bankruptcy Court further stated that "[b]ecause G.O.A.T. Media has filed a motion without doing so through counsel, it cannot

appear and be heard and, therefore, the motion is denied." Supp. Appx. 166; Mar. 12 Hr'g Tr., at 8:9–11.

Separately, on February 20, 2026, the Bankruptcy Court held a hearing to consider conditional approval of the Debtors' disclosure statement (the "Disclosure Statement Hearing") where GOAT Media, in its capacity as a business entity, attempted to appear and be heard on its *Limited Objection and Reservation of Rights of the G.O.A.T. Media, LLC, Election to Opt Out of Third-Party Releases, and Conditional Request for Clarification and Contingent Reserve* [Bankr. D.I. 1357]. Supp. Appx. 169–74; Bankr. D.I. 1357. The Bankruptcy Court did not permit GOAT Media to participate in the Disclosure Statement Hearing, stating that "a business entity cannot be self-represented, they are required to have counsel, [and the Court] simply [does not] consider *pro se* business entity filings." Supp. Appx. 188; Feb. 20 Hr'g Tr., at 14:3–6.

Notwithstanding these repeated admonitions, on March 26, 2026, GOAT Media—still without counsel and in its capacity as a business entity—filed a response to the Debtors' Joint Plan of Liquidation, styled as the *Supplemental Statement of the G.O.A.T. Media, LLC Regarding Claim Status, Reserve Treatment, and Request for Clarification in Connection with Plan Confirmation* [Bankr. D.I. 1507]. Supp. Appx. 196–201; Bankr. D.I. 1507. On April 16, 2026, the Bankruptcy Court held a hearing to consider entry of the Plan Confirmation Order (the

"Confirmation Hearing"). The Bankruptcy Court again did not permit GOAT Media to participate in the Confirmation Hearing, stating that "[Mr. Pautsch] is not an attorney and I'm not going to hear from him." Supp. Appx. 220; Apr. 16 Hr'g Tr., at 19:22–23. The Bankruptcy Court further found that GOAT Media "lacks standing to be heard regarding plan confirmation," and that even if GOAT Media had standing and counsel, "the objections lack merit and therefore are overruled." Supp. Appx. 220–21; Apr. 16 Hr'g Tr., at 19:24–20:3.

### D. The District Court Appeal

On February 2, 2026, GOAT Media filed a *Notice of Appeal* from the Claims Disallowance Order [Bankr. D.I. 1331] (the "District Court Appeal"). Appx. 95–96; Bankr. D.I. 1331.

On March 3, 2026, GOAT Media filed the *Appellant's Motion for Limited Extension of Time to Retain Delaware Counsel* in the United States District Court for the District of Delaware (the "District Court") [D. D.I. 5]. Appx. 99–100; D. D.I. 5. On the following day, the District Court entered an order [D. D.I. 6] requiring GOAT Media to retain counsel by April 8, 2026, and advising GOAT Media that no further extensions would be granted. Appx. 101; D. D.I. 6.

Rather than retain counsel as directed, on April 9, 2026—one day after the deadline imposed by this Court's order—GOAT Media filed the *Motion to Substitute Appellant (Real Party in Interest)* [D. D.I. 8] (the "Motion to Substitute"), seeking

to substitute Mr. Pautsch as the appellant in place of GOAT Media pursuant to Rule 17(a)(3). Appx. 105–06; D. D.I. 8.

On May 13, 2026, the District Court issued an order [D. D.I. 14] (the "District Court Order") and corresponding memorandum [D. D.I. 13] (the "District Court Memorandum"), denying GOAT Media's Motion to Substitute and dismissing the District Court Appeal. Appx. 3–10; D. D.I. 13 & 14. In denying the Motion to Substitute, the District Court stated, "there is no genuine difficulty or honest mistake identifying the real party in interest here." Appx. 9 ¶ 12; D. D.I. 13. The District Court also noted that Mr. Pautsch did not file a claim in his individual capacity and signed the GOAT Media Claims "solely as 'Principal'" of GOAT Media. *Id.* The District Court thus concluded that "[t]he real party in interest is—and has always been—Appellant, The G.O.A.T Media, LLC." *Id.* The District Court further found that substituting Mr. Pautsch for Appellant would not be a "'merely formal' change—it would fundamentally alter the identity of the party prosecuting this appeal and would effectively allow Mr. Pautsch to litigate Appellant's claims *pro se* in contravention of settled law." *Id.*

On June 8, 2026, Appellant appealed the District Court Order (this "Appeal") to the United States Court of Appeals for the Third Circuit (the "Court").

## III. SUMMARY OF ARGUMENT

The District Court Order should be affirmed because "[t]he real party in interest is—and always has been—Appellant, THE G.O.A.T. MEDIA, LLC." Appx. 9 ¶ 12; D.D.I. 13. The "real party in interest" in an appeal of a bankruptcy court order disallowing a proof of claim is, by definition, the creditor whose claim has been disallowed. The claims at issue in the Bankruptcy Cases were filed by GOAT Media, not by Mr. Pautsch in his individual capacity. Mr. Pautsch signed each of the GOAT Media Claims solely in his capacity as "Principal" of GOAT Media. Mr. Pautsch did not file any Proof of Claim in his own name, nor did he assert any individual interest in the Bankruptcy Cases. Therefore, Mr. Pautsch, in his individual capacity, has no recognizable interest or standing in the bankruptcy cases, and any claims that he may have had are now barred.

Mr. Pautsch's attempt to substitute himself for GOAT Media is a transparent attempt to evade the District Court's order [D.D.I. 6] and nearly two centuries of federal precedent requiring artificial entities to retain and appear through licensed counsel in federal court. After failing to comply with the District Court's directive to obtain counsel, GOAT Media filed the Motion to Substitute on April 9, 2026—one day after GOAT Media's deadline to retain counsel—seeking to invoke Federal Rule of Civil Procedure 17(a)(3) as a procedural workaround. However, Rule 17(a)(3) is a narrow anti-forfeiture provision designed "to prevent forfeiture when

determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17(a) Advisory Committee's Note to 1966 Amendment; *see also Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 562 (3d Cir. 2008). The Rule permits substitution of the real party in interest only where the change is "merely formal" and "in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).

Rule 17 is not a vehicle for strategic party substitutions designed to evade substantive legal obligations, and federal courts have consistently rejected attempts to invoke Rule 17(a)(3) where the identity of the proper party was readily ascertainable and no honest mistake occurred. *See, e.g.*, *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 423–24 (2d Cir. 2015). Courts have repeatedly rejected procedural attempts to circumvent this rule, as noted by the District Court: "[f]ederal courts do not permit litigants to accomplish indirectly—through assignments, substitutions, or other procedural devices—what federal law forbids directly." Appx. 9 ¶ 12; D.D.I. 13 (citing *Jones v. Niagara Frontier Transp. Auth*, 722 F.2d 20, 23 (2d Cir. 1983); *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 20 (S.D.N.Y. 1974), *aff'd mem.*, 508 F.2d 837 (2d Cir. 1974)); *see also In re Ideal Mortg. Bankers, Ltd.*, 539 B.R. 409, 424 (Bankr. E.D.N.Y. 2015)

(noting that an individual may not proceed *pro se* to assert a claim that has been assigned to it by a corporation).

The District Court properly found that there was "no genuine difficulty or honest mistake in identifying the real party in interest here." Appx. 9 ¶ 12; D.D.I. 13. GOAT Media filed the GOAT Media Claims, is the sole claimant whose claims were disallowed, and was the proper party in the appeal to the District Court. Indeed, prior to the Motion to Substitute, all relevant filings in the Bankruptcy Court and the District Court were made by GOAT Media. Mr. Pautsch is not the real party in interest; he is a non-attorney member of GOAT Media who cannot represent that entity in federal court. Substituting Mr. Pautsch for GOAT Media would not be a "'merely formal' change—it would fundamentally alter the identity of the party prosecuting this appeal and would effectively allow Mr. Pautsch to litigate GOAT Media's claims *pro se* in contravention of settled law." *Id.*

Moreover, GOAT Media and Mr. Pautsch were on notice for months—well before the District Court Appeal was filed—that GOAT Media was required to retain licensed counsel to proceed in federal court. The Bankruptcy Court expressly advised Appellant of this obligation on multiple occasions. The District Court reiterated the obligation by ordering GOAT Media to retain counsel by April 8, 2026, and the District Court Memorandum held that "Appellant has had more than

adequate time to obtain counsel in this matter." Appx. 10 ¶ 13; D.D.I. 13. Despite this clear and repeated notice, GOAT Media failed to retain counsel.

For all of these reasons and those set forth below, the District Court's denial of the Motion to Substitute and dismissal of the appeal should be affirmed.

## IV. STANDARD OF REVIEW

The Court reviews "a District Court's holding with respect to Rule 17 for abuse of discretion." *Marks L. Offs., LLC v. Mireskandari*, 704 F. App'x 171 n. 2 (3d Cir. 2017) (citing *ICON Grp., Inc. v. Mahogany Run Dev. Corp.*, 829 F.2d 473, 476 n. 3 (3d Cir. 1987)).

## V. ARGUMENT

### A. The District Court Correctly Applied Rule 17 in Denying the Motion to Substitute.

The Motion to Substitute requested that the District Court substitute Mr. Pautsch as the appellant pursuant to Federal Rule of Civil Procedure 17(a)(3). Appx. 105–06; D. D.I. 8. Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a)(3), in turn, provides a limited procedural safeguard, prohibiting dismissal of an action for failure to prosecute in the name of the real party in interest until "a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." Fed. R. Civ. P. 17(a)(3). Critically, Rule 17(a)(3) is a narrow anti-forfeiture provision designed "to prevent forfeiture when determination of the proper party to sue is

difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17(a) Advisory Committee's Note to 1966 Amendment; *see also Gardner*, 544 F.3d at 562. The Rule permits substitution only where the change is "merely formal" and "in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics*, 106 F.3d at 20. It is not a vehicle for strategic party substitutions intended to evade federal court rules. *See generally In re Citadel Watford City Disposal Partners, L.P.*, 603 B.R. 897, 908 (Bankr. D. Del. 2019) (explaining that Rule 17 "cannot be used to cure standing when it is otherwise lacking").

Mr. Pautsch is not the real party in interest in this appeal and has no individual interest or standing in the Bankruptcy Cases. The only proofs of claim filed in the Bankruptcy Case and at issue in this Appeal—the GOAT Media Claims—were filed by GOAT Media, not by Mr. Pautsch in his individual capacity. Appellant designated GOAT Media—not Mr. Pautsch—as the name of the creditor on the GOAT Media Claims. While Mr. Pautsch signed the GOAT Media Claims, he did so solely as "Principal" of GOAT Media. Appellant also selected the box stating, "I am the creditor," which is the correct box for the sole member and authorized representative of a corporate entity such as GOAT Media to select in the circumstances. Indeed, authorized representatives of corporate entities filing a Proof of Claim on the entity's behalf check this box because the authorized representative

is completing the Proof of Claim and signing it only in their capacity as a representative of the corporate entity. Appellant thus showed that he intended GOAT Media to be considered the creditor, not Mr. Pautsch. Furthermore, until recently, all of Appellant's filings in the Bankruptcy Court were filed by GOAT Media as a corporate entity—not on behalf of Mr. Pautsch.

Importantly, Mr. Pautsch never filed any Proof of Claim in his own name, nor did he assert any individual interest in the GOAT Media Claims or the Bankruptcy Cases. Pursuant to the Plan Confirmation Order, an injunction approved by the Bankruptcy Court is in place and bars prosecution of any claim that was not filed by the applicable Bar Dates. Supp. Appx. 50; Bankr. D.I. 1565 ¶ 44. Because all Bar Dates in the Bankruptcy Cases have passed, Mr. Pautsch cannot assert any interest in his own name, and any individual claims he may have held against the Debtors are barred and enjoined.

Further, because Mr. Pautsch did not file a Proof of Claim, he lacks standing in the bankruptcy cases. Section 1109(b) of the Bankruptcy Code provides that a "party in interest" may "raise" and "appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Although construed broadly, the provision reaches only one who "has a legally protected interest that could be affected by a bankruptcy proceeding" or "a sufficient stake in the proceeding so as to require representation." *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011)

(quoting *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992); *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)). Because Mr. Pautsch never filed a Proof of Claim in the Bankruptcy Cases, he has no "injury in fact" and no "legally protected interest that could be affected by" the proceedings. Mr. Pautsch cannot be the "real party in interest" in an appeal from a bankruptcy case where he has no standing.

Considering the GOAT Media Claims were filed by and belonged solely to GOAT Media, and the Bankruptcy Court disallowed the GOAT Media Claims through the Claims Disallowance Order, substituting Mr. Pautsch for GOAT Media would not be a "merely formal" change—it would fundamentally alter the identity of the party prosecuting the District Court Appeal and would effectively permit Mr. Pautsch to litigate GOAT Media's claims *pro se* in contravention of settled law. "Federal courts do not permit litigants to accomplish indirectly—through assignments, substitutions, or other procedural devices—what federal law forbids directly." *See* Appx. 9 ¶ 12; D.D.I. 13 (citing *Jones*, 722 F.2d at 23; *Mercu-Ray Indus., Inc.*, 392 F. Supp. at 20 (holding that allowing lay individuals to appear *pro se* on behalf of a corporate entity would "flout a well-established and purposeful public policy by means of a procedural device"), *aff'd mem.*, 508 F.2d 837 (2d Cir. 1974).

The circumstances here further confirm that the Motion to Substitute is a calculated litigation tactic rather than a good-faith effort to correct an honest mistake. First, the timing is telling: the District Court's extended deadline gave GOAT Media until April 8, 2026, to retain counsel, and GOAT Media filed the Motion to Substitute the very next day. *See Cortlandt St. Recovery Corp.*, 790 F.3d at 423–25 (rejecting Rule 17(a)(3) substitution where the identity of the proper party was readily ascertainable and no honest mistake occurred). Second, Mr. Pautsch had full knowledge of all relevant facts from the outset. As GOAT Media's sole member and manager, he knew the nature of the rights at issue, the basis for the claims, and his own alleged personal interest in those rights before this appeal was ever filed. Indeed, he prepared the GOAT Media Claims and litigated them himself in the Bankruptcy Court. And third, prior to the Motion to Substitute, every filing in the Bankruptcy Court and District Court was on behalf of GOAT Media. Rule 17(a)(3) exists to remedy genuine uncertainty—not to provide relief where no such uncertainty existed. *Gardner*, 544 F.3d at 562.

Finally, the Motion to Substitute's own allegations belie any claim of honest mistake. The Motion to Substitute asserts that the "appeal arises from rights, authorship, labor, and economic interests personal to John T. Pautsch" and expressly acknowledges that "[t]he initial designation of [GOAT Media] reflected its operational role in the development and transmission of the materials, not ownership

of the underlying rights." Appx. 105–06 ¶ 5; D. D.I. 8. These admissions confirm that GOAT Media was deliberately chosen as the named appellant—not as the result of any accidental mislabeling. Substitution under Rule 17(a)(3) is appropriate only "to avoid injustice" from genuine mistakes, not strategic redesignations. *Scott v. Vantage Corp.*, 336 F. Supp. 3d 366, 371 (D. Del. 2018) (quoting *Gardner*, 544 F.3d at 562), *aff'd*, 845 F. App'x 170 (3d Cir. 2021).[1]

The District Court Memorandum in support of the District Court Order denying the Motion to Substitute and dismissing the District Court Appeal correctly applied all relevant legal precedent to the facts at hand. Specifically, the District Court found that "Mr. Pautsch signed each of [GOAT Media]'s [P]roofs of [C]laim solely as 'Principal' of [GOAT Media], and he did not file any proof of claim in his

[1] While Appellant argues that Mr. Pautsch is a party in interest in the District Court Appeal for reasons set forth in his notice of individual appearance and corresponding statement filed in the District Court Appeal [D.D.I. 7] (the "Pautsch Notice of Appearance"), neither the District Court nor this Court are permitted to consider facts and filings not included in the designated record on appeal to the District Court. Appx. 102–105; D. D.I. 7. *See Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 226 (3d Cir. 2009); *Fassett v. Delta Kappa Epsilon (N.Y.)*, 807 F.2d 1150, 1165 (3d Cir.1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the [court of first opinion].") (citing *Jaconski v. Avisun*, 359 F.2d 931, 936 n. 11 (3d Cir. 1966)), *cert. denied,* 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987). The Pautsch Notice of Appearance was filed in the District Court Appeal and was not a part of the designated record on appeal from the Bankruptcy Court. Accordingly, the District Court could not consider Appellant's statements made therein and this Court should not either.

own name or assert any individual interest in the underlying claims." Appx. 9 ¶ 12; D.D.I. 13. The District Court agreed that "[s]ubstituting Mr. Pautsch for [GOAT Media] would not be a 'merely formal' change—it would fundamentally alter the identity of the party prosecuting [the District Court Appeal] and would effectively allow Mr. Pautsch to litigate [GOAT Media]'s claims *pro se* in contravention of settled law." *Id*. The District Court did not err, nor did it circumvent the truth of the matter before it— it found that "there is no genuine difficulty or honest mistake in identifying the real party in interest here." *Id*. The real party in interest is GOAT Media and therefore the Motion to Substitute was properly denied. The Court should affirm.

**B. <u>The District Court Correctly Dismissed the Appeal for Failure to Obtain Counsel.</u>**

After denying the Motion to Substitute, the District Court correctly applied the well-established precedent that corporate entities must be represented by licensed attorneys in federal court and cannot appear *pro se* or through non-attorney representatives. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. A.B.A.*, 407 F. Supp. 451, 476 (N.D. Tex. 1975), *aff'd order sub nom.*, *Taylor v. Montgomery*, 539 F.2d 715 (Table) (7th Cir. 1976), and *aff'd*

*sub nom.*, *Pilla v. A.B.A.*, 542 F.2d 56 (8th Cir. 1976)); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373–74 (3d Cir. 1966). This principle applies with equal force to limited liability companies, "even those with only a single member, because even single-member LLCs have a legal identity separate from their members." *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (citing*United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)). Indeed, "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *Hagerman*, 545 F.3d at 581–82.

Here, Mr. Pautsch, as a representative of GOAT Media, is not an attorney and cannot represent GOAT Media in federal court, regardless of his role or economic interest as its sole member. The District Court provided GOAT Media with ample opportunity to obtain counsel and clearly advised of the consequences of failure to do so. By letter dated February 9, 2026, the District Court advised GOAT Media that "an artificial entity can only appear in Federal Court through licensed counsel," and that, under District of Delaware Local Rule 83.5, GOAT Media was "required to obtain counsel and have Delaware counsel enter an appearance on or before March

9, 2026." [D. D.I. 4].[2] Appx. 97–98; D. D.I. 4. This deadline was extended through April 8, 2026. However, GOAT Media did not retain counsel, instead filing the Motion to Substitute.

Yet rather than comply after repeated warnings, GOAT Media filed the Motion to Substitute, attempting to invoke Rule 17(a)(3) as a procedural workaround. Substituting Mr. Pautsch as the appellant would allow GOAT Media to enjoy the benefits provided by limited liability entities while avoiding the related obligations, which is not a permitted use of Rule 17(a)(3) and is expressly prohibited by federal law.

Where a non-attorney has made clear his intention to proceed *pro se* on an entity's behalf despite repeated warnings, courts have refused any further opportunity to cure. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 (9th Cir. 2004).

Accordingly, the Court should affirm the District Court's dismissal.

## VI. **CONCLUSION**

For all of these reasons, the District Court Order should be upheld. GOAT Media is a limited liability company that cannot appear in federal court without licensed counsel, and Rule 17(a)(3) cannot be used to repackage that deficiency as a

[2] The District Court does not have any local rule similar to Bankruptcy Local Rule 9010-1(e)(3), permitting *pro se* representation of an artificial entity in limited circumstances.

"real party in interest" issue. The District Court did not err in finding that, because GOAT Media has failed to retain counsel despite clear and repeated notice and has no viable means of proceeding in the District Court, dismissal of the District Court Appeal is warranted.

For the reasons set forth above, the Debtors respectfully request that this Court affirm the District Court Order denying the Motion to Substitute and dismissing the District Court Appeal.

## CERTIFICATE OF BAR STATUS

Pursuant to Local Rule 28.3(d), I hereby certify that I am a member of the bar of this Court.

*/s/ Joseph M. Mulvihill*
Joseph M. Mulvihill (Del. Bar No. 6061)

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 5,034 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface and typestyle requirements of Rule 32(a)(5) and (6) because this brief has been prepared in proportionally spaced typeface using Microsoft 365 in 14-point Times New Roman font.

*/s/ Joseph M. Mulvihill*
Joseph M. Mulvihill (Del. Bar No. 6061)

## CERTIFICATION

Pursuant to Third Circuit Local Appellate Rule 31.1(c), I certify that (a) the text of the electronic brief filed with this Court is identical to the text in the paper copies to be delivered to this Court, and (b) the virus detection program Windows Defender was run on the file and no virus was detected.

*/s/ Joseph M. Mulvihill*
Joseph M. Mulvihill (Del. Bar No. 6061)

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading and its corresponding attachment, were served this 18th day of September 2026 via email and first class mail on the party of record to this appeal listed below:

*/s/ Joseph M. Mulvihill*
Joseph M. Mulvihill (Del. Bar No. 6061)

| |
|---|
| **The G.O.A.T. Media, LLC**<br>John T. Pautsch<br>9903 Santa Monica Blvd. #169<br>Beverly Hills, CA 90212<br>Telephone: (310) 745-0257<br>Email: legal@thegoat.com |

Dated: September 18, 2026
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Brynna M. Gaffney (Del. Bar. No. 7402)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jmulvihill@ycst.com
bgaffney@ycst.com

*Co-Counsel for the Appellees*